J-S31029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ASHLYNN TAYLOR HARTMAN | |
| Appellant | No. 2027 MDA 2015 |

Appeal from the Judgment of Sentence September 16, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000006-2015

BEFORE:  SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                **FILED AUGUST 15, 2016**

Ashlynn Taylor Hartman appeals from the judgment of sentence imposed September 16, 2015, in the Franklin County Court of Common Pleas.  The trial court imposed an aggregate sentence of eight to 36 months' imprisonment, following Hartman's guilty plea to charges of possession of a controlled substance and theft.[1]  Contemporaneous with this appeal, Hartman's counsel has filed a petition to withdraw from representation and an ***Anders*** brief.[2]  ***See Anders v. California***, 386 U.S. 738 (1967);

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §780-113(a)(16) and 18 Pa.C.S. § 3921(a), respectively.

[2] When this appeal originally appeared before this panel, the transcript from Hartman's guilty plea hearing was not included in the certified record. Consequently, we denied counsel's petition to withdraw, and remanded with instructions for counsel to obtain the requisite notes of testimony, so that

*(Footnote Continued Next Page)*

*Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981). The sole issue addressed in the *Anders* brief is a challenge to the discretionary aspects of Hartman's sentence. For the reasons that follow, we affirm the judgment of sentence and grant counsel's petition to withdraw.

The facts underlying Hartman's guilty plea are as follows. On November 7, 2014, Hartman stole three hydrocodone pills from the complainant, Ralph Kline. When confronted by the police, Hartman admitted to the theft, and, on August 5, 2015, entered a guilty plea to the above-stated charges. On September 16, 2015, the trial court imposed a sentence of six to 24 months' imprisonment for the possession charge, and a consecutive term of two to 12 months' imprisonment for the theft charge.[3] Hartman filed a timely post-sentence motion seeking modification of her

*(Footnote Continued)* ————————

she could review the entire record for any non-frivolous issues, and within 30 days of receipt of the transcript, to file either an advocate's brief or another *Anders* brief and petition to withdraw. *See Commonwealth v. Hartman*, 2027 MDA 2015 (Pa. Super. filed 6/9/2016). Counsel promptly complied with our directive.

[3] The same day, Hartman was sentenced in three separate cases for violations of probation. *See* Docket Nos. 1353-2012, 364-2013, and 1212-2014. On those charges, the court imposed an aggregate term of 30 to 72 months' imprisonment, and ordered that sentence to run consecutively to the sentence imposed herein. The appeals from those sentences were consolidated, and are pending before this Court. *See* Superior Court Docket Nos. 1800 MDA 2015, 1801 MDA 2015, and 1802 MDA 2015.

sentence. The trial court denied the motion on October 23, 2015, and this timely appeal followed.[4]

When counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015). Our review of the record reveals counsel has complied with the requirements for withdrawal outlined in **Anders**, **supra**, and its progeny. Notably, counsel completed the following: (1) she filed a petition for leave to withdraw, in which she states her belief that the appeal is wholly frivolous; (2) she filed an **Anders** brief pursuant to the dictates of **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009); (3) she furnished a copy of the **Anders** brief to Hartman; and (4) she advised Hartman of her right to retain new counsel or proceed *pro se*. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Moreover, we have received no correspondence from Hartman supplementing the **Anders** brief. Accordingly, we will proceed to examine the record and make an independent determination of whether the appeal is wholly frivolous.

---

[4] On November 20, 2015, the trial court ordered Hartman to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Hartman complied with the court's directive, and filed a concise statement on December 11, 2015.

The sole issue identified in counsel's **Anders** brief challenges the discretionary aspects of her sentence. A challenge to the discretionary aspects of a sentence is not absolute, but rather, "must be considered a petition for permission to appeal." **Commonwealth v. Best**, 120 A.3d 329, 348 (Pa. Super. 2015) (quotation omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved [the] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

**Commonwealth v. Edwards**, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Counsel complied with the procedural requirements for this appeal by filing both a post-sentence motion for reconsideration of sentence and a timely notice of appeal. Counsel also included in the **Anders** brief a statement of reasons relied upon for appeal pursuant to **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f). Therefore, we must consider whether Hartman raised a substantial question justifying our review.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Ventura**, 975 A.2d

1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted).

Here, Hartman contends the sentence was "manifestly unreasonable because the court failed to consider a number of factors and gave too great weight to negative factors[.]"[5] **Anders** Brief at 12. Specifically, she asserts: (1) the complainant did not suffer "any serious health consequences" as a result of her theft of his pills; (2) she was "extremely cooperative with the police;" (3) she gave birth only a few weeks prior to sentencing and was "hoping to be able to bond with her child;" and (4) she made positive changes in her life, including a successful stint on electronic monitoring and completion of a county day reporting program. **Id.** at 12-13. She states that "a reasonable sentence would have consisted of concurrent sentences rather than running each case consecutive to one another." **Id.** at 12.

Further, Hartman disputes the trial court's reliance on two negative factors, namely, that she did not sign up for programming while in county jail, and that she brought Xanax into a treatment facility and distributed it to other patients. **See id.** at 13. Hartman explains she had no time to register

_____

[5] It is well-established that when a defendant enters a guilty plea, she may seek a discretionary appeal of those sentencing terms that were not negotiated. **Commonwealth v. Brown**, 982 A.2d 1017, 1019 (Pa. Super. 2009), *appeal denied*, 990 A.2d 726 (Pa. 2010). Here, Hartman entered an open guilty plea.

for classes in county jail because she had given birth only a few weeks prior to her sentencing, and suspected she would be sentenced to state time. *See id.* Moreover, she asserts she had a prescription for the Xanax, and was instructed by her doctor to stay on the medication during her pregnancy. *See id.* Therefore, she claims the trial court improperly relied on these purportedly negative factors.

"[A]n allegation that the sentencing court failed to consider mitigating factors generally does not raise a substantial question for our review." **Commonwealth v. Rhoades**, 8 A.3d 912, 918-919 (Pa. Super. 2010), *appeal denied*, 25 A.3d 328 (Pa. 2011), *cert. denied*, 132 S.Ct. 1746 (U.S. 2012). However, this Court has held that an "excessive sentence claim[ ] in conjunction with an assertion that the court did not consider mitigating factors[,]" does present a substantial question for our review. **Commonwealth v. Gonzalez**, 109 A.3d 711, 731 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1198 (Pa. 2015), *quoting* **Commonwealth v. Dodge**, 77 A.3d 1263, 1272 (Pa. Super. 2013) (*en banc*), *appeal denied*, 91 A.3d 161 (Pa. 2014). Moreover, while a challenge to the imposition of consecutive versus concurrent sentences generally does not raise a substantial question, such a claim may be addressed when the defendant alleges the "aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." **Commonwealth v. Moury**, 992 A.2d 162, 171-172 (Pa. Super. 2010). Therefore, because we conclude

Hartman has nominally raised a substantial question, we proceed to an examination of her argument on appeal.

Our standard of review of claims challenging the discretionary aspects of sentencing is well-established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1198 (Pa. 2015).

Pursuant to the Sentencing Code, a trial court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). The Code also mandates an appellate court must vacate a sentence if it finds that the sentence, while within the applicable guidelines, "involve[d] circumstances

- 7 -

where the application of the guidelines would be clearly unreasonable[.]"[6]

42 Pa.C.S. § 9781(c)(2).

During the sentencing hearing, the trial court noted Hartman had been "afforded a number of treatment times and opportunities," including an unsuccessful discharge from inpatient treatment in 2013, discipline at a halfway house that same year for drinking and using heroin, further drug-related arrests, and a discharge from an inpatient treatment in 2015 for dealing drugs to other patients. N.T., 9/16/2015, at 5-6. The court further observed:

> I cannot fathom the depth of your lack of judgment. You are a child. You have neither the skills nor the ability to conform your conduct to the law, and you apparently, for the last two years, have not taken the trouble you are in seriously, despite

---

[6] Counsel acknowledges, in the **Anders** brief, that Hartman's sentences were imposed within the standard range of the sentencing guidelines. **See Anders** Brief at 14.

We note both the written and oral plea colloquies state the maximum sentence Hartman could receive on the charge of possession was one year imprisonment, so that her total maximum exposure for both charges was a term of two years' imprisonment. **See** Plea Agreement, 8/5/2015; N.T., 8/5/2015, at 3. As noted above, however, Hartman was sentenced to a term of six to 24 months' imprisonment on the possession charge alone, and an aggregate sentence of eight to 36 months. The Commonwealth explained in its sentencing memorandum that Hartman faced a maximum penalty of three years' imprisonment for the possession charge because this conviction was her second offense for such a crime. **See** Commonwealth's Sentencing Memorandum, 9/9/2015, at 1 n.1, *citing* 35 P.S. § 780-113(b). Hartman did not object at the sentencing hearing, and has never claimed her guilty plea was entered either unknowingly or involuntarily. Accordingly, we need not address this apparent discrepancy on appeal.

the not less than seven times the Adult Probation Department has given you an opportunity to prove that you can stay in this community.

*Id.* at 6-7. The court found "most reprehensible" Hartman's conduct at Clearbrook Lodge, an inpatient substance abuse facility. *Id.* at 7. During her stay, Hartman passed out her prescribed medication to other patients. *See* Commonwealth's Answer to Defendant's Motion Requesting Furlough, 8/11/2015, Exhibit B, Letter from Clinical Direction of Clearbrook Lodge to Hartman's Probation Officer, dated 7/7/2015. The court noted the patients were in treatment to address a problem, and "lo and behold the problem was living among them at the time." N.T., 9/16/2015, at 7.

We find no reason to disturb the sentence imposed by the trial court. Here, the court had the benefit of a pre-sentence investigation report, as well as a probation violation packet prepared for the violation sentences imposed that same day. *See supra*, n.3. It is well-settled that where a trial court had the benefit of a pre-sentence investigation report, we will presume the trial court was "aware of all appropriate sentencing factors and considerations." *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) (citation omitted). The trial court properly considered Hartman's numerous, prior failed attempts at treatment when imposing the sentence herein. Further, our review of the sentencing transcript reveals the court was more troubled by Hartman's repeated violations than her failure to register for any programs in county jail. With respect to Hartman's contention that she had a prescription for the drugs she brought into

Clearbrook, we note the court's concern was with the fact that she provided those pills to other patients, not that she took them herself.

Because we agree with counsel's assessment that this appeal is wholly frivolous, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2016